UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

THE NEW PHONE COMPANY, INC,

REPORT AND
RECOMMENDATION
06-CV-3529
(JG)(KAM)

                                        Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF
INFORMATION TECHNOLOGY AND
TELECOMMUNICATIONS, THE CITY OF NEW
YORK, TELEPLEX COIN COMMUNICATIONS,
INC., TELEBEAM TELECOMMUNICATIONS
CORP., COASTAL COMMUNICATIONS
SERVICE, INC. and NEW YORK CITY
TELECOMMUNICATIONS COMPANY, INC.,

                                        Defendants.
----------------------------------------------------------------X

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

THE NEW PHONE COMPANY, INC,

REPORT AND
RECOMMENDATION
07-CV-2474
(JG)(KAM)

                                        Plaintiff,

            -against-

NEW YORK CITY DEPARTMENT OF
INFORMATION TECHNOLOGY AND
TELECOMMUNICATIONS, THE CITY OF NEW
YORK, TELEPLEX COIN COMMUNICATIONS,
INC., TELEBEAM TELECOMMUNICATIONS
CORP., COASTAL COMMUNICATIONS
SERVICE, INC. and NEW YORK CITY
TELECOMMUNICATIONS COMPANY, INC.

                                        Defendants.
----------------------------------------------------------------X

MATSUMOTO, United States Magistrate Judge:

This Report and Recommendation addresses two related actions, 06-cv-3529 (JG) (KAM), The New Phone Company, Inc. ("New Phone") vs. New York City Department of Information Technology and Telecommunications ("DoITT") and the City of New York (collectively, "the City defendants"), Teleplex Coin Communications, Inc. ("Teleplex"), Telebeam Telecommunications Corp. ("Telebeam"), Coastal Communication Service, Inc. ("Coastal") and New York City Telecommunications Company, Inc. ("NYCT"), and 07-cv-2474 (JG) (KAM), filed by New Phone and its affiliate, Best Payphones, Inc. ("Best Payphones"), against the same defendants.

On August 22, 2006, the Honorable John Gleeson, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), referred to the undersigned for a Report and Recommendation the request of defendant City of New York that the court "determine the viability of the [06-cv-3529] action" in light of the filing injunction issued against plaintiffs New Phone and Best Payphones on August 5, 2005. (Docket no. 8, Letter filed by City of New York, dated 8/14/06.) By order dated August 29, 2006, Judge Gleeson also referred plaintiff's motions to dismiss 06-cv-3529 without prejudice pursuant to Rule 41(a)(1)(i) and (a)(2) of the Federal Rules of Civil Procedure. Defendants opposed plaintiff's motions and cross-moved for an order dismissing 06-cv-3529 with prejudice, and for the imposition of attorneys' fees and costs, pursuant to Federal Rule of Civil Procedure 41(d) and 28 U.S.C. § 1927.

For the following reasons, the court respectfully recommends that the 06-cv-3529 complaint be dismissed with prejudice as to all defendants due to plaintiff's repeated failures to comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b). The court further

respectfully recommends that the requests of Teleplex, Telebeam, Coastal and the City defendants for attorneys' fees and costs incurred in defending 03-cv-3555 (JG) (KAM) be granted, and that defendants' request for attorneys' fees and costs incurred in defending 06-cv-3529 be denied.

Furthermore, because plaintiff concedes and the court's own review confirms that the 07-cv-2474 complaint, recently transferred to this District from the Southern District of New York, is identical in all material respects to the 06-cv-3529 complaint, and because 07-cv-2474 was also filed in violation of this court's August 5, 2005 and July 6, 2006 orders, the court respectfully recommends that plaintiff be ordered to show cause no later than October 26, 2007, why 07-cv-2474 should not also be dismissed as to all defendants on *res judicata* grounds.

## BACKGROUND

The nine New Phone and related Best Payphones actions filed in this District and the recently transferred tenth action arise from the same factual nexus, involve overlapping claims and parties, and have required significant expenditures of judicial resources to manage the dockets, and review and rule on the parties' multiple applications and motions. (*See, e.g.,* docket sheets in 00-cv-2007, 03-cv-3555, 03-cv-3978, 06-3529 and 07-cv-2474 (the New Phone cases), 01-cv-3934, 01-cv-8506, 03-cv-192 and 04-cv-3451 (the Best Payphones cases) and 05-cv-1702 (the New Phone and Best Payphones case).) The procedural histories of 06-cv-3529, and the related prior action, 03-cv-3555, regarding the pending motions illustrates the burdens created by the multiple filings.

The court will address first New Phone's dismissal of 03-cv-3555 (JG) (KAM), an action based on the same nucleus of facts and filed against the same defendants, the court's August 5, 2005 filing injunction, New Phone's filing and attempted dismissal of 06-cv-3529 and finally, the filing of 07-cv-2474.

**A.      *New Phone Co., Inc. v. New York City Department of Information Technology and Communications, et al., 03-cv-3555 (JG) (KAM)***

On July 22, 2003, plaintiff filed a complaint, which was assigned docket number 03-cv-3555 (NGG), challenging the enactment and enforcement of New York City's regulatory scheme concerning public pay telephones on City-owned property, and alleging a conspiracy to discriminate against plaintiff, against the City defendants, Teleplex, Telebeam, Coastal and NYCT.  (*See* doc. no. 1 in 03-cv-3555, Complaint, dated 7/22/03 ("03-cv-3555 Complaint").)[1] Plaintiff, described as an operator of public pay telephones ("PPTs"), alleged that defendants colluded to "prevent[] Plaintiff from operating its business in the most profitable PPT markets." (03-cv-3555 Complaint, ¶¶ 21, 25.)  Plaintiff sought: (i) a temporary restraining order and preliminary injunction preventing defendants "from interfering in any manner with the plaintiff in the installation and operation of PPTs"; (ii) "a decree that . . . preferential rights that applications for new PPT locations submitted before April 7, 1996 may have are void, and that all applications submitted before April 7, 1996 shall be assigned later priorities"; (iii) damages "suffered by Plaintiff as a result of the unlawful acts of the Defendants"; and (iv) costs and attorneys' fees.  (*Id.*, ¶ 30(a)-(d).)

After extensive applications by the parties to the court (*see, e.g.* doc. nos. 6, 8, 9-

---

[1]  Familiarity with the allegations in the complaint is assumed, and the court provides only a brief recitation of the pertinent allegations.

10, 12-13, 16-19, 26, 28-32, 38-39, 42-43, 54-56, 59, 64, 66, 69, 72-74, 76-80 and 83-86),

scheduled and rescheduled status conferences (*see* orders dated 8/13/03, 12/19/03, 2/9/04,

9/1/04, 9/17/04, 1/19/05, 1/21/05, 1/27/05 and 2/23/05) and motion practice (*see* orders dated

2/20/04, 3/5/04 and 11/1/04), and through the oversight of two district judges and three

magistrate judges (*see* orders dated 1/29/07 and 7/16/07), plaintiff eventually dismissed the 03-

cv-3555 action without prejudice as to all defendants (*see* doc. nos. 81, 82, 86 and 87).

First, on February 28, 2005, plaintiff and defendant NYCT stipulated and agreed

that "[p]laintiff hereby dismisses without prejudice [03-cv-3555] against Defendant," and that

"[n]othing contained in this Stipulation shall be deemed to waive any of Plaintiff's rights,

including those with respect to any other actions against the City and/or Defendant."  (Doc. no.

81, ¶¶ 1 and 4, Stipulation between plaintiff and NYCT, filed 2/28/05.)  The stipulation also

provided, "Nothing contained in this Stipulation shall be deemed to waive any of Defendant's . .

.  possible defenses [other than untimely service], including those based on jurisdiction and/or

statute of limitations; and Defendant reserves the right to assert such defenses."  (*Id.*, ¶ 3.)

Also on February 28, 2005, plaintiff and defendant Teleplex stipulated and agreed

that "[p]laintiff hereby dismisses without prejudice [03-cv-3555] against Defendant," and that

"[n]othing contained in this Stipulation shall be deemed to waive any of Plaintiff's rights."

(Doc. no. 82, ¶¶ 1 and 4, Stipulation between plaintiff and Teleplex, filed 2/28/05.)  The

stipulation also provided, "Nothing contained in this Stipulation shall be deemed to waive any of

Defendant's . . . possible defenses [other than untimely service], including those based on

jurisdiction and/or statute of limitations; and Defendant reserves the right to assert such

defenses."  (*Id.*, ¶ 3.)

On April 4, 2005, plaintiff and the City defendants stipulated and agreed that "[a]ll claims asserted in [03-cv-3555] against the City [d]efendants are hereby dismissed, without prejudice, and without costs, expenses, or fees." (Doc. no. 87, Stipulation between plaintiff and the City defendants, dated 4/4/05, ¶ 1.) The stipulation was "so ordered" on April 8, and entered on April 13, 2005. The stipulation also provided, "Nothing contained in this Stipulation shall be deemed to waive any of the City [d]efendants' defenses, including those based on jurisdiction or statute of limitations, and [d]efendants reserve the right to assert those defenses." (*Id.*, ¶ 3.)

By letter dated April 8, 2005, plaintiff notified the court that "pursuant to Rule 41(a)(1) [plaintiff] hereby voluntarily dismisses *The New Phone Co., Inc. v. The Department of Information Technology and Telecommunications, et al.*[,] 03-Civ-3555 (JG) (KAM)," thereby dismissing the remaining claims against Telebeam and Coastal. (Doc. no. 86, Letter filed by plaintiff, dated 4/8/05.)

On May 2, 2005, Judge Gleeson "so ordered" by endorsement the plaintiff's April 8, 2005 notice of voluntary dismissal of 03-cv-3555. (*See* Endorsed Order dated 5/2/05 and entered on 5/10/05.) The case was terminated on May 10, 2005. (*See* Clerk of the Court's entry, dated 5/10/05.)

## B.    *The August 5, 2005 Injunction*

Both before and after filing the complaint in 03-cv-3555, plaintiff New Phone and its affiliate, Best Payphones, filed seven additional complaints in this District based on the same subject matter: the enactment and enforcement of the City's regulatory scheme concerning public pay telephones and the alleged conspiracy to discriminate against plaintiffs.[2] With eight

_____

[2]  In addition to 03-cv-3555, the seven complaints were filed under docket numbers 00-cv-2007 and 03-cv-3978 (the New Phone cases); 01-cv-3934, 01-cv-8506, 03-cv-192 and 04-cv-

overlapping and duplicative complaints pending in this District, the undersigned, by Report and Recommendation dated May 3, 2005, recommended, *inter alia*, that pending motions by New Phone and Best Payphones to amend those complaints be denied and that the plaintiffs be enjoined from filing additional complaints without leave of court. (Doc. no. 160 in 00-cv-2007, Report and Recommendation, dated 5/3/05.)[3]

After considering submissions by the parties, Judge Gleeson adopted the May 3, 2005 Report and Recommendation by order dated August 5, 2005. (*See* doc. no. 176 in 00-cv-2007, Order dated 8/5/05.) As Judge Gleeson noted in the August 5, 2005 order,

> Over the past five years, plaintiff has filed multiple lawsuits with overlapping claims and a shifting roster of defendants, including the City of New York, the DoITT, Verizon, and various individuals, including individual lawyers who have been involved in litigating plaintiff's claim on behalf of DoITT . . . . In addition to the seven complaints currently pending in the Eastern District of New York, related proceedings have been filed in New York State courts, in the United States Bankruptcy Court, and in the Southern District of New York.

(*Id.* at 3-4.) Noting that "[i]t is well established that federal district courts possess the power to administer their dockets in a manner that conserves scant judicial resources and promotes the efficient and comprehensive disposition of cases," *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 215 (E.D.N.Y. 1999), *aff'd*, 205 F.3d 1322 (2d Cir. 2000), Judge Gleeson reviewed de novo the parties' submissions, and adopted in part this court's Report and Recommendation, as follows (1) denied plaintiffs' request for leave to amend the complaints; (2) dismissed plaintiff's then most recently filed complaint, 05-cv-1702 (JG) (KAM); and (3) enjoined plaintiff from filing,

---

3451 (the Best Payphones cases); and 05-cv-1702 (the New Phone and Best Payphones case).

[3] While plaintiffs' amendment request was filed in all six cases, the court, for ease of reference, will cite only to the lead case, 00-cv-2007.

"without leave of court, any new action arising from or related to the enactment and enforcement of the City's regulatory system with respect to public pay telephones in New York City and defendants' alleged conspiracy to discriminate against plaintiff and other public pay telephone providers."  (Order dated 8/5/05 at 8.)

On August 17, 2005, plaintiff requested that Judge Gleeson grant plaintiff leave to file a new complaint.  (*See* doc. no. 177 in 00-cv-2007, Letter filed by plaintiff, dated 8/17/06.) On August 26, 2005, Judge Gleeson entered the following:

> ORDER denying request to file a new complaint (or a conference for that purpose) set forth in a letter to the Court from Charles H. Ryans dated August 17, 2005. Any future request to file a complaint is respectfully referred to Magistrate Judge Matsumoto. This order applies to the following actions: 00-cv-2007; 03-cv-3978; 01-cv-8506; 01-cv-3934; 03-cv-0192; 04-cv-3541.

(Order in 00-cv-2007, dated 8/16/05.)[4]

### C.     *New Phone Co., Inc. v. New York City Department of Information Technology and Communications, et al., 06-cv-3529 (JG) (KAM)*

On June 29, 2006, New Phone requested that this court grant plaintiff leave to file a new complaint in order to avoid the running of the statute of limitations on July 19, 2006. (*See* doc. no. 187 in 00-cv-2007, Letter filed by plaintiff, dated 6/29/06.)  The City defendants opposed plaintiff's request, arguing that because Judge Gleeson's August 5, 2005 order enjoined plaintiff from filing new complaints without leave of court and directed that plaintiff may only

---

[4]  New Phone and Best Payphones appealed the August 5, 2005 order to the Second Circuit. *See New Phone Co., Inc. v. City of New York*, Nos. 05-4935-cv, 05-5490-cv and 05-5502-cv, 2007 WL 2282974 (2d Cir. Aug. 10, 2007). However, because plaintiffs failed to mention the August 5, 2005 filing injunction in their notices of appeal, the Second Circuit "dismiss[ed] the appeal for lack of jurisdiction insofar as appellants seek review of that filing injunction," and thus the injunction still stands. *Id.* at *3.  Plaintiffs' June 2007 motion to reconsider or vacate the August 5, 2005 order is pending.

seek leave if the proposed new complaint were based on events that occurred after the filing of the earlier complaints, plaintiff's request should be denied because the proposed complaint was not based on new events.  (*See* doc. no. 189 in 00-cv-2007, Letter filed by the City defendants, dated 6/30/06.)

On July 6, 2006, this court ordered that:

> Should the City be unwilling to consent to [plaintiff's] proposed amended pleading, plaintiff may make an appropriate motion. Any such motion must be made sufficiently in advance of the expiration of the statute of limitations, taking into consideration the time needed for the filing of opposition and reply briefs, and providing the Court with a reasonable amount of time in which to render a decision.

(Order in 00-cv-2007, dated 7/6/06.)  Thus, the court granted leave to New Phone to either move to file a new complaint or to amend an existing complaint if the parties were unable to present a stipulation for the court's consideration.

In response to the court's July 6, 2006 order, plaintiff asserted, "[I]t is not possible, nor has it been possible for months and months, for a motion to amend to be briefed . . . , a Report and Recommendation issued, an Objection or Objections to the Report and Recommendation [to] be filed, opposition to the Objection(s) [to] be filed, and Judge Gleeson [to] issue a decision before July 19, 2006," the date that the statute of limitations would run. (Doc. no. 191 in 00-cv-2007, Letter filed by plaintiff, dated 7/13/06.)  Plaintiff did not explain why it waited until it was "not possible" to move to amend an existing complaint or move to file a new complaint before the statute of limitations expired.

In contravention of the August 5, 2005 and July 6, 2006 orders, and without leave of court, purportedly in order to avoid the running of the statute of limitations, plaintiff then filed a ninth action on July 17, 2006, assigned Docket Number 06-cv-3529 (JG) (KAM), again based

on the City's regulatory system with respect to public pay telephones. (*See* doc. no. 1 in 06-cv-3529, Complaint, dated 7/17/06 ("06-cv-3529 Complaint").) In an unnumbered footnote on the first page of the new complaint, plaintiff acknowledged,

> New Phone Co., Inc. is the subject of a court injunction in this Court barring the commencement of certain types of actions, which may include this one, without leave of Court . . . . This complaint is being filed, and this Action commenced, in order for New Phone Co., Inc. to preserve certain claims that may become time-barred absent such a filing and commencement.

(*Id.* at 1.) The complaints in 06-cv-3529 and 03-cv-3555 arise from the same factual nexus, name the same defendants, allege the same claims and seek the same relief. As in 03-cv-3555, plaintiff in 06-cv-3529 named as defendants the City defendants, Teleplex, Telebeam, Coastal and NYCT. (*See id.*) Also as in 03-cv-3555, plaintiff alleged in 06-cv-3529 that the City's regulatory system with respect to public pay telephones and defendants' purported conspiracy discriminated against plaintiff, and consequently, "prevented Plaintiff from operating its business in the most profitable PPT markets." (*Id.*, ¶ 21.) Again, in 06-cv-3529, as in 03-cv-3555, plaintiff sought (i) a temporary restraining order and preliminary injunction preventing defendants "from interfering in any manner with Plaintiff in the installation and operation of PPTs"; (ii) "a decree that . . . preferential rights that applications for new PPT locations submitted before April 7, 1996 [may have] are void, and that all applications submitted before April 7, 1996 shall be assigned later priorities"; (iii) damages "suffered by Plaintiff as a result of the unlawful acts of Defendants"; and (iv) costs and attorneys fees. (*Id.*, ¶ 52(i)-(iv).) Plaintiff also requested that "this Court grant such other and further relief as it deems just and appropriate." (*Id.*, ¶52(v).)

1. **Defendants' Motions to Dismiss the 06-cv-3529 Action**

   a. **The City defendants**

On July 21, 2006, the City defendants promptly informed Judge Gleeson that plaintiff had "filed a new action (06-cv-3529) in violation of this Court's August 5, 2005 order, which enjoined the filing of new actions without leave of Court," and requested that the "Court take appropriate action." (Doc. no. 3, Letter filed by the City defendants, dated 7/21/06, at 1-2.) On August 14, 2006, the City defendants again wrote to Judge Gleeson and requested that "the Court determine the viability of the instant action" due to plaintiff's violation of the August 5, 2005 injunction. (Doc. no. 8, Letter filed by the City defendants, dated 8/14/06, at 1.) Judge Gleeson referred the City's request to the undersigned on August 22, 2006. (*See* order dated 8/22/06.)

On August 28, 2006, New Phone requested a pre-motion conference before Judge Gleeson to dismiss the case without prejudice pursuant to Rule 41. (*See* doc. no. 10, Letter filed by plaintiff, dated 8/28/06, at 1.) Judge Gleeson referred New Phone's request to the undersigned, and this court set a briefing schedule for all anticipated motions on September 15, 2006, amended on October 13, 2006, and again amended at plaintiff's request on November 6, 2006, December 12, 2006 and February 27, 2007 (*see* orders dated 8/29/06, 9/15/06, 10/13/06, 11/6/06, 12/12/06 and 2/27/07).

On November 16, 2006, plaintiff filed a notice of voluntary dismissal without prejudice as to the City defendants, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). (*See* doc. nos. 36, Notice filed by plaintiff, dated 11/16/07.) Later the same day, in response to this court's briefing schedule, the City defendants advised the court with respect to their motion,

that they intended "to rest on the papers previously submitted . . . ," which the court understood to include the City defendants' July 21 and August 14, 2006 letters. (Doc. no. 37, Letter filed by the City defendants, dated 11/16/06, at 1.) The City defendants further requested that the court dismiss the 06-cv-3529 complaint with prejudice because plaintiff violated the court's August 5, 2005 injunction against filing new complaints, the complaint lacked viability on the merits and plaintiff "once dismissed the same claims before, and therefore the newly filed Notice of Dismissal operates as an adjudication on the merits," pursuant to Federal Rule of Civil Procedure 41(a)(1). (*Id.* at 2.)

Plaintiff's response to the City defendants' November 16, 2006 submission argued that:

> [S]ince the claims against the City [defendants] were withdrawn under Rule 41(a)(1) prior to [their counsel's] filing his letter motion, the City can neither request that the action be dismissed with prejudice nor join in any motions as it is no longer in the action. . . . [T]he City [defendants were] not a party to the prior complaint [in 03-cv-3555] at the time that the action was voluntarily withdrawn as a result of [the defendants] entering into a stipulation of discontinuance.

(Doc. no. 39, Letter filed by plaintiff, dated 11/30/06, at 1.) The City defendants replied on December 7, 2006, and requested that "the Court dismiss [this action] with prejudice in the sound exercise of its discretion to control its docket." (Doc. no. 45, Letter filed by the City defendants, dated 12/7/07, at 1.)

**b.      Teleplex**

Teleplex also moved to dismiss the action for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and as time barred, pursuant to 15 U.S.C. § 15(b), and requested "any and all relief concerning any joint issues raised by any of the co-Defendants in

their motions[,] . . . in which we join."  (Doc. no. 41, Notice of Motion to Dismiss, dated

11/12/06; *see also* doc. no. 42, Teleplex's Memorandum of Law in Support of Motion, dated

11/15/06).  After Teleplex served plaintiff with its papers in support of its motion to dismiss in the

morning of November 16, 2006, plaintiff filed a notice of dismissal without prejudice as to

Teleplex, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), in the evening of that same day.

(*See* doc. no. 38, Notice of Dismissal filed by plaintiff, dated 11/16/06; doc. no. 43, Letter filed by

Teleplex, dated 11/30/06.)  Teleplex promptly advised the court that it joined "the City's

application to dismiss Plaintiff's Complaint with prejudice, and also with Defendants Telebeam

and Coastal's request for costs, including attorneys' fees."  (Doc. no. 43, Letter filed by Teleplex,

dated 11/30/06, at 2.)

> ### c.      Plaintiff's Opposition to the City defendants' and Teleplex's Motions

In response to both the City defendants' and Teleplex's applications to the court,

plaintiff asserted that because plaintiff filed notices of discontinuance without prejudice as to both

the City defendants and Teleplex, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), before

those defendants filed motions to dismiss, "it is the Plaintiff's position that it is not required to

oppose any motion (or letter-motion) by said defendants."  (Doc. no. 83, Letter filed by plaintiff,

dated 3/15/07.)  Citing a Ninth Circuit case, *Duke Energy Trading & Mktg., LLC v. Davis*, 267

F.3d 1042, 1049 (9th Cir. 2001), plaintiff asserted that:

> The [filing of a Rule 41(a)(1)(i) notice] itself closes the file.  There is
> nothing the defendant can do to fan the ashes of that action into life
> and the court has no role to play. . . . Once the notice of dismissal has
> been filed, the district court loses jurisdiction over the dismissed
> claims and may not address the merits of such claims or issue further
> orders pertaining to them.

### d. Telebeam and Coastal

Telebeam and Coastal requested leave to move to dismiss the action with prejudice and for the imposition of sanctions, including attorneys' fees and costs, pursuant to Federal Rule of Civil Procedure 41(d) and 28 U.S.C. § 1927. (*See* doc. nos. 13 and 33, Letters filed by Telebeam and Coastal, dated 9/8/06 and 11/6/06, respectively.) This court granted Telebeam and Coastal leave, and established a briefing schedule as set forth above. Telebeam and Coastal filed moving papers on December 22, 2006. (*See* doc. no. 51, Telebeam and Coastal's Notice of Motion to Dismiss With Prejudice, dated 11/16/06; doc. no. 52, Declaration of Robert M. Brill, Esq., in Support of Motion, dated 11/16/06; and doc. no. 53, Telebeam and Coastal's Memorandum of Law in Support, dated 11/16/07). Plaintiff filed opposition papers on December 22, 2006 (*see* doc. no. 54, Declaration of Michael Chaite in Opposition, dated 12/7/06; and doc. no. 55, Plaintiff's Memorandum of Law in Opposition, dated 12/7/06), and Telebeam and Coastal filed replies (*see* doc. no. 63, Reply Memorandum of Law in Support, dated 12/22/06).

### 2. Plaintiff's Attempts to Dismiss 06-cv-3529

Plaintiff filed a stipulation of discontinuance as to NYCT on September 1, 2006. (*See* doc. no. 11, Stipulation between plaintiff and NYCT, dated 9/1/06.) Plaintiff and NYCT stipulated and agreed that "[p]laintiff hereby dismisses without prejudice [05-cv-3629] against Defendant." (*Id.*, ¶ 3.) The Stipulation further provided, "Nothing contained in this Stipulation shall be deemed to waive any of Defendant's possible . . . defenses [other than statute of limitations], including those based on jurisdiction; and Defendant reserves the right to assert such defenses," and "Nothing contained in this Stipulation shall be deemed to waive any of the Plaintiff's rights, including those with respect to any other actions against the City and/or

Defendant." (*Id.*, ¶¶ 5-6.) Judge Gleeson "so ordered" the stipulation on September 1, 2006. (*See* order dated 9/1/06.)

As noted above, on November 16, 2006, plaintiff filed a notice of voluntary dismissal without prejudice as to the City defendants and Teleplex, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). (*See* doc. nos. 36 and 38, Notices filed by plaintiff, dated 11/16/07.) Also on November 16, 2006, plaintiff moved to dismiss the action without prejudice as to "the two remaining defendants," Telebeam and Coastal, pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. no. 56, Notion of Motion to Dismiss filed by plaintiff, dated 12/22/06; doc. no. 57, Declaration of Michael Chaite in Support of Motion to Dismiss, dated 12/22/06; doc. no. 58, Plaintiff's Memorandum of Law in Support of Motion to Dismiss, dated 12/22/06.) In accordance with the court's briefing schedule, Telebeam and Coastal filed their opposition to plaintiff's motion to dismiss the action without prejudice on December 22, 2006. (*See* doc. no. 59, Declaration of Robert M. Brill, Esq., in Support of Telebeam and Coastal's Opposition, dated 12/7/06; doc. no. 60, Telebeam and Coastal's Memorandum of Law in Opposition, dated 12/7/06.) Due to the suspension of plaintiff's counsel, Charles Ryans, Esq., and the substitution of Mayne Miller, Esq., plaintiff requested, and this court granted, an extension until March 14, 2007 to file its reply. (*See* doc. no. 75, Letter filed by plaintiff, dated 2/26/07; order dated 2/27/07.) Nevertheless, plaintiff filed its reply in support of its motion to dismiss without prejudice on March 15, 2007, one day after the court-ordered extended deadline. (*See* doc. no. 84,[5] Plaintiff's Reply Memorandum of Law in Support of Dismissal, dated 3/15/07.)

---

[5] Plaintiff filed a nearly identical reply (doc. no. 83) moments before filing its second reply (doc. no. 84) on March 15, 2007. In an apparent attempt to clarify that the court should rely on document number 84 instead of document number 83, plaintiff titled the document a "REPLY to Response to Motion re [plaintiff's] Notice of MOTION to Dismiss Without

**D.**    *New Phone Co., Inc. v. New York City Department of Information Technology and Communications, et al., 07-cv-2474 (JG) (KAM)*

On July 23, 2006, six days after filing 06-cv-3529, and again in violation of the August 5, 2005 injunction,[6] plaintiff filed an action in the Southern District of New York, arising from the same factual nexus, against the same defendants, based on the City's same allegedly discriminatory scheme for regulating public pay telephone providers.  (*See* doc. no. 41, Attachment 5, Complaint, dated 7/23/06.)  Southern District Judge Richard M. Berman found that the case properly belonged in the Eastern District and transferred it to this District on June 13, 2007.  (*See id*., Att. 2, Transfer Order, dated 6/5/07.)  This tenth case by the New Phone/Best Payphones plaintiffs was thereafter assigned to Judge Gleeson and the undersigned with Eastern District docket number 07-cv-2474.  (*See* doc. no. 41, Receipt of Case Transfer, dated 6/13/07.)

By order dated June 25, 2007, this court ordered that:

> Plaintiff shall compare and enumerate how, or if, each of the allegations and claims for relief in 07-cv-2474 (recently transferred from the S.D.N.Y.) differ from the allegations and claims for relief in every other complaint or most recent amended complaint in all other pending New Phone[] and Best Payphones cases in the E.D.N.Y.

---

Prejudice of Plaintiff Filed Reply Memorandum with Table of Authorities, superseding previous confusing filing filed by New Phone Co., Inc."  (*See* docket entry accompanying doc. no. 84, filed by plaintiff, dated 3/15/07.)

[6]  In the August 5, 2005 order, Judge Gleeson "was well within [his] authority to enjoin [plaintiff] from further litigating any claims" in any jurisdiction relating to the City's regulatory schemes concerning public pay telephones.  *Friedman v. Wallach*, No. 03 Civ. 7118, 2004 WL 1834274, at *1 (S.D.N.Y. Aug. 17, 2004); *see also Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) ("That the district court possessed the authority to enjoin [plaintiff] from further vexatious litigation is beyond peradventure."); *Lacy v. Principi*, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004) ("When a plaintiff files a lawsuit involving the same nucleus of operative facts, a district court has the inherent power to enjoin him from filing vexatious lawsuits in the future."); *Malley v. New York City Bd. of Educ.*, No. 94 Civ. 7186, 1997 WL 570501, at *1 (S.D.N.Y. Sept. 15, 1997) (extending filing injunction against plaintiff to all federal courts).

(Order dated 6/25/07.)  On June 27, 2007, plaintiff responded:

> [T]he Southern District complaint (07-CV-2474) is virtually identical,
> word-for-word and paragraph-by-paragraph, to the complaint filed by
> [plaintiff] in the 06-CV-3529 action.  In fact, the only differences in
> the two complaints are that (1) the caption of the 07-CV-2474
> complaint reads at the top "Southern District of New York" while the
> caption of the 06-CV-3529 Complaint reads at the top "Eastern
> District of New York", (2) ¶ 6 of the 06-CV-3529 Complaint states
> that the venue is in the Eastern District of New York, and ¶ 6 of the
> 07-CV-2474 Complaint states that venue is in the Southern District of
> New York (which would make ¶ 6 of both complaints identical now
> that the Southern District Complaint has been transferred to this
> Court), (3) the 06-CV-3529 Complaint has a footnote on the first page
> mentioning the previously-issued injunction by this Court imposed on
> plaintiff barring the commencement of certain types of actions without
> leave of this Court, which is not included in the 07-CV-2474
> Complaint, and (4) the closing identifications on each complaint have
> different dates, as well as the fact that Mayne Miller, Esq. filed and
> signed the 07-CV-2474 complaint in the Southern District, while
> Charles Ryans, Esq. filed and signed the 06-CV-3529 complaint in the
> Eastern District.

(Doc. no. 43 in 07-cv-2474, Letter filed by plaintiff, dated 6/27/07, at 1.)  This court thereafter

stayed 07-cv-2474, until resolution of the parties' then-pending motions to dismiss the 06-cv-

3529 action, with and without prejudice.  (*See* order dated 7/30/07.)

After reviewing the above submissions, as well as the procedural histories in all

related New Phone and Best Payphones actions, and for the reasons set forth herein, this court

respectfully recommends that the 06-cv-3529 action be dismissed with prejudice against all

defendants for failure to comply with court orders, pursuant to Federal Rule of Civil Procedure

41(b).  The court further recommends that the requests of Teleplex, Telebeam, Coastal and the

City defendants for attorneys' fees and costs incurred in defending the 03-cv-3555 action be

granted, pursuant to Rule 41(d), and that the defendants' request for attorneys' fees and costs

incurred in defending 06-cv-3529 be denied.  The court further respectfully recommends that

plaintiff be ordered to show cause why 07-cv-2474 should not also be dismissed against all

defendants with prejudice on *res judicata* grounds.

## **DISCUSSION**

### I.      *Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)*

Noting that plaintiff filed 06-cv-3529 without leave of court, "in violation of the

Court's August 5, 2005 order," the City defendants requested that the court "take appropriate

action" and "determine the viability of the [06-cv-3529] action."  (Doc. nos. 3 and 8, Letters filed

by City defendants, dated 7/21/06 and 8/14/06, respectively.)  Accordingly, the court considers

the City defendants' motion pursuant to Federal Rule of Civil Procedure 41(b).  "Where

defendants have not specifically moved for dismissal under Rule 41(b) – such as in this case – a

court may nonetheless order dismissal *sua sponte*."  *Williams v. Strong*, No. 05-CV-366S, 2007

WL 2693640, at *2 (W.D.N.Y. Sept. 11, 2007); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31

(1982) ("The authority of a court to dismiss *sua sponte* [pursuant to Rule 41(b)] has generally

been considered an 'inherent power,' governed not by rule or statute but by the control

necessarily vested in courts to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases."); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.

1982).

Federal Rule of Civil Procedure 41(b) provides,

(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to
prosecute or to comply with these rules or any order of court, a
defendant may move for dismissal of an action or of any claim against
the defendant. Unless the court in its order for dismissal otherwise
specifies, a dismissal under this subdivision and any dismissal not
provided for in this rule, other than a dismissal for lack of jurisdiction,

> for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Rule 41(b) "authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Stuart v. Kempthorne*, No. 99-CV-8163, 2007 WL 2071605, at *30 (E.D.N.Y. July 13, 2007) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). However, the Second Circuit has warned that "[d]ismissal with prejudice is a harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972); *see also Lucas v. Miles*, 84 F.3d 532, 534-535 (2d Cir. 1996).

The decision to dismiss "for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b)," *Stuart*, 2007 WL 2071605, at *31, must be weighed "in light of the record as a whole" and the following factors must be considered:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has "take[n] care to 'strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . ,'" and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Research Bureau*, 839 F.2d 930, 932 (2d Cir. 1988) (brackets in original) (quoting *Harding v. Federal Reserve Bank*, 707 F.2d 46, 50 (2d Cir. 1983) (quoting *Merker v. Rice*, 649 F.2d 171, 174 (2d Cir.1981))); *see also Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). Although the court in this case will address each factor, the court notes that "[g]enerally, no one factor is dispositive." *Nita v. Connecticut Dep't of Env.*

*Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). In addition, "dismissal for lack of prosecution is a matter committed to the discretion of the trial judge . . . [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (quoting *Merker*, 649 F.2d at 173-174); *see also Strong*, 2007 WL 2693640, at *2. Applying these considerations to the circumstances of this case, it is respectfully recommended that dismissal of the complaint with prejudice is warranted.

As an initial matter, by filing the 06-cv-3529 and 07-cv-2474 complaints and thus violating two court orders dated August 5, 2005 and July 6, 2006, the two complaints may be dismissed without consideration of the above factors. *See Martin-Trigona v. Lavien*, 763 F.2d 140, 141 (2d Cir. 1985) (affirming injunction barring plaintiff from "initiating litigation in federal courts except in compliance with specified conditions"); *Martin-Trigona v. NYSE Foundation, Inc.*, No. 88 CIV. 0200, 1990 WL 103955, at *2 (S.D.N.Y. July 19, 1990) (dismissing plaintiff's complaint pursuant to Rule 41(b) because plaintiff violated a filing injunction by filing a new complaint in state court without including a statement of his litigation history and copies of the opinions and appendices in three previous actions).

Moreover, New Phone could also be held in contempt for its willful violation of two court orders. *See Sassower v. Sheriff of Westchester County*, 824 F.2d 184, 186 (2d Cir. 1987) (plaintiff "had been held in criminal contempt four times and in civil contempt twice for violating state and federal orders enjoining him from filing actions related to the judicial dissolution of Puccini . . . ."); *Freidman v. Wallach*, No. 03 Civ. 7118, 2004 WL 1834274, at *2 (S.D.N.Y. Aug. 17, 2004) (noting that plaintiff could be found in contempt and recommending that the action be dismissed because plaintiff violated an order "permanently enjoin[ing] plaintiff

19

from litigating further any claims relating to the [underlying allegations]"); *Klapper v. Verizon Commc'ns, Inc.*, No. 02 Civ. 3262, 2002 WL 1580019, at *1 (S.D.N.Y. July 16, 2002) (dismissing the complaint and awarding attorneys' fees due to plaintiff's repeated violations of an injunction prohibiting him from "instituting any further actions arising from the facts at issue"); *Page v. Shubert Org.*, 93 Civ. 6366, 1993 WL 541660, at *1 (S.D.N.Y. Dec. 23, 1993) ("[T]he plaintiff and plaintiff's counsel are enjoined from conducting any further litigation of the issues determined by Judge Stanton . . . Any violation of this order will lead to sanctions for contempt of court."); *Sharma v. Duracell, Inc.*, 776 F. Supp. 168, 170 (S.D.N.Y. 1991) (enjoining plaintiff from "filing any further action or actions in this court against defendants arising from or having their genesis in the basic fact situation litigated and determined in this court . . . . Should a showing be made that [plaintiff] has violated this order, a defendant or defendants may apply to this court for a finding of criminal contempt against him.").

Turning to the factors relevant to consideration of a Rule 41(b) dismissal, the first factor, regarding the duration of plaintiff's failures or non-compliance, contains two subparts: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 255 (2d Cir. 2004). As to the first subpart, the court notes that while the signature of plaintiff's counsel, Charles Ryans, appears at the bottom of the 06-cv-3529 complaint, plaintiff's counsel could not have filed a new action without the consent of plaintiff. *See Shmueli v. City of New York*, No. 03 CV 1195, 2007 WL 1659210, *8 (S.D.N.Y. June 7, 2007) (disputing plaintiff's assertion that her counsel withdrew certain claims without her knowledge because "she, like all represented parties, is deemed to have consented to her attorney's filings on her behalf"). As to

the second subpart, the court finds that a consideration of duration or delay "is not relevant where, as here, [plaintiff] failed to comply with two court orders and otherwise demonstrated a lack of respect for the court." *Peart*, 992 F.2d at 461 (affirming district court's dismissal pursuant to Rule 41(b) for plaintiff's failure to comply with court orders because plaintiff's counsel failed to appear for trial); *see also Ali v. A & G Co.*, 542 F.2d 595, 596 (2d Cir. 1976) (affirming district court's dismissal where counsel failed to appear for trial despite no showing of delay).  Plaintiff violated the court's August 5, 2005 filing injunction and July 6, 2006 order directing plaintiff to "make an appropriate motion" to seek leave to file a new complaint.  (Order in 00-cv-2007, dated 7/6/06.)   In addition, plaintiff violated those two court orders not once, but twice – first on July 16, 2006 by filing 06-cv-3529 in this District, and again on July 23, 2006, by filing 07-cv-2474 in the Southern District.

Moreover, even if duration or delay were relevant, plaintiff's failure to obtain leave to file 06-cv-3529 would warrant dismissal because plaintiff has not explained why it did not seek leave of court to file a new complaint in sufficient time to avoid a statute of limitations bar.  Plaintiff claims it became aware of the facts giving rise to plaintiff's purported new allegations in early August 2002, when Mr. Chaite, President of New Phone and Best Payphones, received a copy of a declaration dated July 18, 2002, by Mr. Agostino Cangemi, then General Counsel of DoITT (*see* doc. no. 187 in 00-cv-2007), and thus could have moved to file a new complaint far in advance of the statute of limitations.  The fact that plaintiff waited until the eleventh hour to seek leave to do so is a problem of plaintiff's own making.

The second factor, whether plaintiff had notice that filing another complaint in violation of two court orders would result in dismissal with prejudice, also weighs in favor of

dismissal.  The Supreme Court has held that:

> "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceeding as are adequate to safeguard the right for which the constitutional protection is invoked," . . . [but] does not mean that every order entered without notice and a preliminary adversary hearing offends due process.  The adequacy of notice . . . turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.

*Link*, 370 U.S. at 632 (quoting *Anderson National Bank v. Luckett*, 321 U.S. 233 (1944)).

Here, plaintiff must be presumed to have had knowledge that filing another action without leave of court, in direct violation of two court orders, including a specific filing injunction, would result in a dismissal of that action with prejudice, and thus knew or should have known "the consequences of [plaintiff's] own conduct."  *Link*, 370 U.S. at 632.  Moreover, plaintiff had notice that the City defendants and defendants Telebeam, Coastal and Teleplex all sought, individually or by joining their co-defendants' motions, to dismiss the action with prejudice based, *inter alia*, on plaintiff's willful violation of the court's August 5, 2005 order, because each of those defendants requested leave, which the court granted, to move to dismiss with prejudice.  (*See* doc. nos. 3, 8, 37 and 45, letters filed by the City defendants; doc. nos. 13, 33, 51, 52, 53 and 63, submissions filed by Telebeam and Coastal; doc. nos. 41, 42 and 43, submissions filed by Teleplex.)  Plaintiff had a full opportunity to oppose defendants' motions but instead chose not to oppose Teleplex and the City defendants' submissions, asserting that they were dismissed pursuant to Rule 41(a)(1)(i) and thus had no standing to file motions to dismiss (*see* doc. no. 83, Letter filed by plaintiff).  Plaintiff filed an opposition to Telebeam and Coastal's motion to dismiss with prejudice pursuant to Rule 41(a)(2) (*see* doc. nos. 54 and 55, submissions filed by plaintiff).  Accordingly, not only must plaintiff be presumed to have had knowledge of

the repercussions of its actions, but plaintiff also had notice and an opportunity to oppose defendants' requests that the action be dismissed with prejudice. *See United Merchants & Manufacturers, Inc. v. Spare Parts*, 126 B.R. 149, 150 n.1 (S.D.N.Y. 1991) (affirming bankruptcy court's dismissal pursuant to Rule 41(b) because even though plaintiff did not receive any notice until defendants' Rule 41(b) motion was brought, "there is no requirement that prior notice be given"). The defendants' motions to dismiss with prejudice, based in part on plaintiff's violation of the court's orders, provided plaintiff with adequate notice and an opportunity to oppose, consistent with due process, dismissal of this action with prejudice pursuant to Rule 41(b).

The third factor, whether defendants have been prejudiced by plaintiff's non-compliance, weighs heavily in favor of dismissal. Plaintiff's violation of the court's August 5, 2005 order, enjoining plaintiff from filing similar lawsuits without leave of court, and its violation of this court's July 26, 2006 order directing plaintiff to "make an appropriate motion" to move to file a new complaint or amend an existing complaint, has cost defendants significant time and resources: the City defendants have made four applications to the court; Teleplex has briefed and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 15 U.S.C. § 15(b), only to have plaintiff dismiss Teleplex upon receiving service of Teleplex's motion; and Telebeam and Coastal have opposed plaintiff's motion to dismiss the complaint without prejudice, and cross-moved to dismiss the complaint with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). Moreover, plaintiff filed 06-cv-3529, and then moved to dismiss the action after belatedly deciding that it should never have been filed. Plaintiff inexplicably and with questionable good faith asserts that this magistrate judge's order, dated July 6, 2006 in 00-

23

cv-2007[7], "led Plaintiff to believe that [the order was] a modification of the August 5, 2005"

filing injunction issued by a district judge. (Doc. no. 84 at 11.)[8]

      After filing the 06-cv-3529 action, however, plaintiff decided that, "[r]ather than

engage in extensive litigation over whether the [July 6, 2006] Order of Judge Matsumoto could be

interpreted to supersede or qualify as an exception to the injunction of Judge Gleeson, Plaintiff

has elected to await the outcome of its pending appeal of the order embodying the injunction."

(Doc. no. 58 at 6.) The appeal of the injunction was subsequently dismissed. *See New Phone*,

2007 WL 2282974, at *2. Plaintiff now seeks dismissal of this action without prejudice because

"[t]here is an outstanding injunction against Plaintiff preventing the filing of new complaints

without leave of court" (*id.* at 5). Glaringly obvious, however, is the fact that plaintiff could have

made a timely motion to file a new complaint or chosen to "await the outcome of its pending

appeal" (*id.* at 6) before filing this action in violation of Judge Gleeson's August 5, 2005 order

---

[7] The July 6, 2006 order provides in relevant part that:

> Should the City be unwilling to consent to [plaintiff's] proposed
> amended pleading, plaintiff may make an appropriate motion. Any
> such motion must be made sufficiently in advance of the expiration of
> the statute of limitations, taking into consideration the time needed for
> the filing of opposition and reply briefs, and providing the Court with
> a reasonable amount of time in which to render a decision.

(Order in 00-cv-2007, dated 7/6/06.)

[8] This argument is disingenuous at best, because this court's July 6, 2006 order did not grant leave to file a new complaint but prescribed a schedule for briefing plaintiff's anticipated motion. Moreover, plaintiff's response to the court's July 6, 2006 order, stating that "it is not possible, nor has it been possible for months and months, for a motion to amend to be briefed . . . before July 19, 2006," when the statute of limitations would run, indicates that plaintiff filed the 06-cv-3529 action, not based on a misunderstanding of the court's July 6, 2006 order, but rather, as discussed *supra*, to avoid the running of the statute of limitations in the face of plaintiff's own dilatory actions. (Doc. no. 191 in 00-cv-2007, Letter filed by plaintiff, dated 7/13/06.)

and this court's July 6, 2006 order.

Consequently, "[t]here is absolutely no reason to believe that" if the court does not dismiss the action with prejudice, plaintiff will not continue to violate court orders and force defendants to needlessly expend time and resources, without ever addressing the merits of the action. *Stuart*, 2007 WL 2071605, at *34; *see also Lee v. Trans Union LLC*, No. 06 Civ. 4003, 2007 WL 2388904, at *2 (S.D.N.Y. Aug. 21, 2007) (dismissing an action pursuant to Rule 41(b) because, "[a]s a consequence of the plaintiff's repeated failure to comply with court orders, the litigation has been unable to move forward. In addition, as a result of the plaintiff's misconduct, the defendant has been forced to expend resources to protect its interests in an action that the plaintiff initiated but seems uninterested in prosecuting"). The prejudice to defendants as a result of plaintiff's failures to comply with court orders is beyond question.

The fourth factor, balancing the court's interest in managing its docket with that of the plaintiff's in litigating its claims, also weighs in favor of dismissal. In this regard, "a court must not let its zeal for a tidy calendar overcome its duty to justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968); *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004). This court has previously carefully considered its interest in preserving the parties' and the court's resources, and the plaintiff's interest in litigating its claims, when recommending that Judge Gleeson enjoin plaintiffs from filing similar actions without leave of court. (*See* doc. no. 161 in 00-cv-2007, Report and Recommendation, dated 5/3/05, at 7-10.) Here, the court's interest extends well beyond a tidy calendar to upholding its own orders, and outweighs plaintiff's interest in being able to bring yet another claim based on the same nucleus of facts against the same set of defendants, if this action were dismissed without prejudice. *See National Hockey*

*League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."); *Penthouse Intern., Ltd. v. Playboy Enterprises, Inc.*, 663 F.2d 371, 387 (2d Cir. 1981); *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("[A]ny claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."); *Feurtado*, 225 F.R.D. at 480 (finding that repeated failures to comply with court orders diminishes a plaintiff's right to present his claims); *Lediju v. New York City Dep't of Sanitation,* 173 F.R.D. 105, 111 (S.D.N.Y. 1997) (dismissing complaint for failure to comply with court orders and noting that, "'[i]f parties could ignore Court Orders with the liberty in which [plaintiff] has acted, the civil justice system would suffer, and judges would have no reason to invest their energy in case management. In effect, parties and the Court would be at the mercy of the least diligent, the most irresponsible, or any obstreperous litigator. There would be no premium placed on adherence to a schedule or a Court Order, and no incentive to manage the litigation to reduce its cost and bring justice as expeditiously as possible to each of the parties'") (quoting *Martin v. Mftrs. Hanover Trust,* No. 94 Civ. 6183, 1996 WL 603937, at *6 (S.D.N.Y. Oct. 22, 1996)).

Finally, the fifth factor, consideration of whether lesser sanctions would be appropriate, also weighs in favor of dismissal.  Upon review of the history of this action and all of the related New Phone and Best Payphones actions, this court finds that plaintiff "has no intention of complying with this Court's Orders or properly litigating this case."  *Strong*, 2007 WL

2693640, at *4. By filing 06-cv-3529 without leave of court, plaintiff violated the court's August 5, 2005 order enjoining plaintiff from filing a new complaint without leave of court, and this court's July 6, 2006 order directing plaintiff to move to file a new complaint. Similarly, by filing 07-cv-2474 without leave of court, plaintiff attempted to evade the two aforementioned court orders but again violated those orders. Moreover, in his August 5, 2005 order adopting this court's May 3, 2005 Report and Recommendation, Judge Gleeson specifically found that plaintiff's multiple filings were vexatious under Second Circuit law. (*See* doc. no. 176 in 00-cv-2007, Order dated 8/5/05, at 8.) Citing *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000), Judge Gleeson noted, "[t]he rule against duplicative [litigation], which is related to the doctrine of claim preclusion or *res judicata*, fosters judicial economy and 'protects the parties from the vexation of concurrent litigation over the same subject matter.'" Accordingly, "[g]iven the history of this case, this Court finds that any sanction short of dismissal would be ineffective." *Strong*, 2007 WL 2693640, at *4; *see also Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311, 2000 WL 1677984, at *4 (S.D.N.Y. Nov. 8, 2000) (dismissing action pursuant to Rule 41(b) because plaintiff "repeatedly failed to abide by the Court's orders, even when the Court . . . granted him extensions and second chances"); *Peters-Turnbull v. Board of Educ. of City of New York*, No. 96 CIV. 4914, 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) ("A court need not beg a party to comply with its orders.").

For all of the foregoing reasons, this court respectfully recommends that the 06-3529 action be dismissed with prejudice as to all defendants due to plaintiff's failure to comply with court orders, pursuant to Rule 41(b). Because the court recommends that the action be dismissed with prejudice as to all defendants, the court need not address plaintiff's notice of

voluntary dismissal without prejudice as to Teleplex and the City defendants pursuant to Rule 41(a)(1)(i), plaintiff's motion to dismiss Telebeam and Coastal without prejudice pursuant to Rule 41(a)(2), Telebeam and Coastal's cross-motion to dismiss with prejudice pursuant to Rule 41(a)(2), Teleplex's motion to dismiss pursuant to Rule 12(b)(6) and 15 U.S.C. § 15(b), or Teleplex and the City defendants' submissions joining Telebeam and Coastal's motion to dismiss with prejudice.

## II.    *Attorneys' Fees and Costs*

Defendants Telebeam and Coastal request that the court award costs and attorneys' fees incurred in defending 06-cv-3529 as well as 03-cv-3555, pursuant to Federal Rule of Civil Procedure 41(d) and 28 U.S.C. § 1927. (*See* doc. no. 51, Telebeam and Coastal's Notice of Motion to Dismiss With Prejudice, dated 11/16/06; doc. no. 52, Declaration of Robert M. Brill, Esq., in Support of Motion, dated 11/16/06; and doc. no. 53, Telebeam's and Coastal's Memorandum of Law in Support, dated 11/16/07.) Teleplex and the City defendants join in Telebeam and Coastal's request for costs and attorneys' fees. (*See* doc. no. 43, Letter filed by Teleplex, dated 11/30/06, at 2; doc. no. 45, Letter filed by the City, dated 12/7/07, at 2, requesting that the court "issue such other relief as it deems appropriate"). The court addresses each request in turn.

### 1.    **Federal Rule of Civil Procedure 41(d)**

Federal Rule of Civil Procedure 41(d) provides, in relevant part:

> (d) Costs of Previously-Dismissed Action. If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

28

Fed. R. Civ. P. 41(d).  Thus, "where a plaintiff . . . voluntarily dismisses a lawsuit and then files a second suit against the same defendants predicated on the same facts, defendants may be entitled to recover their costs and attorneys' fees expended in defending the first suit and to stay the second suit until payment of those costs."  *Stiftung v. Sumitomo Corp.*, No. 99 CIV 1108, 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14, 2001) (imposing sanctions pursuant to Fed. R. Civ. P. 37 and finding that, because plaintiff voluntarily dismissed the first action, if plaintiff had thereafter filed the second complaint in federal rather than state court, defendants "immediately would have been eligible for costs and fees").  In addition, "[e]ven where a dismissal by a plaintiff is a matter of right under Fed. R. Civ. P. 41(a), expenses may be imposed pursuant to Fed. R. Civ. P. 41(d) should the suit be reinstituted."  *Gallagher v. Donald III*, No. 92 CIV. 1371, 1993 WL 488215, at *1 (S.D.N.Y. Nov. 16, 1993) (citations omitted).

Courts have also held that attorneys' fees, as well as costs, may be awarded pursuant to Rule 41(d).  *See Restaurant Teams Int'l, Inc. v. Dominion Capital Fund Ltd.*, No. 99 Civ. 4138, 2002 WL 1603150, at *2 (S.D.N.Y. July 18, 2002); *Stiftung*, 2001 WL 1602118, at *9; *International Controls and Measurements Corp. v. Watsco, Inc.*, 853 F. Supp. 585, 592 (N.D.N.Y. 1994) ("Pursuant to Local Rule 41(d), defendants seek their costs and reasonable attorney fees incurred in defending this motion. That rule provides that the court has discretion to award such costs and fees.").  The purpose of Rule 41(d) is "to prevent forum-shopping within the federal court system . . . [and] serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed . . . ."  *Delvalle v. Cedric Kushner Promotions, Ltd.*, No. 00 Civ. 5688, 2000 WL 1915808, at *1 (S.D.N.Y. Jan. 9, 2000).

Therefore, because plaintiff voluntarily dismissed the very same suit against the

very same defendants (03-cv-3555), and later – in violation of a filing injunction – filed two additional suits against the same defendants "based upon or including the same claim," this court respectfully recommends that defendants Teleplex, Telebeam, Coastal and the City defendants be awarded attorneys' fees and costs "expended in defending the first suit," 03-cv-3555. Fed. R. Civ. P. 41(d); *see also Restaurant Teams*, 2002 WL 1603150, at *2 (holding that plaintiff was not entitled to reinstate claims previously voluntarily dismissed, but rather was required to commence a new action, and noting that "the circumstances of this case would likely make the imposition [of sanctions] appropriate" pursuant to Rule 41(d)). Although Rule 41(d) does not explicitly provide that attorneys' fees may be awarded, the weight of authority in this Circuit supports such an award. *See Stiftung*, 2001 WL 1602118, at *1; *Int'l Controls*, 853 F. Supp. at 592; *Restaurant Teams*, 2002 WL 1603150, at *2.[9]

Telebeam and Coastal also seek costs incurred in defending the instant action, 06-cv-3529, pursuant to Federal Rule of Civil Procedure 41(d). Teleplex and the City defendants join in Telebeam's and Coastal's request for attorneys' fees and costs, but fail to provide a basis for such an award. (*See* doc. no. 43, Letter filed by Teleplex, dated 11/30/06, at 2; doc. no. 45, Letter filed by the City, dated 12/7/07, at 2).

Although defendants seek attorneys' fees and costs in connection with litigating

---

[9] The court further notes that the imposition of sanctions is also warranted pursuant to the court's inherent power "to impose sanctions against parties and their counsel who abuse the litigation process." *Stiftung*, 2001 WL 1602118, at *8; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) ("[C]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.") (internal citations omitted); *Ouadrozzi v. City of New York*, 127 F.R.D. 63, 83 (S.D.N.Y. 1989) (noting the "inherent equitable power [a court has] to authorize the award of monetary sanctions when a party engages in bad faith litigation").

06-cv-3529, to the extent that defendants rely upon Rule 41(d) as the basis for an award, the court denies defendants' applications because 41(d) permits costs and fees for the "action previously dismissed," not the newly commenced action. Pursuant to Rule 41(d), the court has also recommended that Teleplex, Telebeam, Coastal and the City defendants be awarded attorneys' fees and costs incurred in defending 03-cv-3555, which, because the action was actively litigated for almost two years, from July 22, 2003 to May 10, 2005, will be substantial. Accordingly, the court respectfully recommends that defendants' requests for attorneys' fees and costs incurred in defending the instant action be denied.

### 2. 28 U.S.C. § 1927

The court next considers defendants' request for sanctions pursuant to 28 U.S.C. § 1927, which provides that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses and attorneys' fees reasonably incurred because of such conduct." The purpose of section 1927 is to deter attorneys from engaging in dilatory tactics by imposing sanctions for any conduct during litigation that causes unnecessary delay or generates needless proceedings. *See Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986)*; Nike, Inc. v. Top Brand Co. Ltd.*, 216 F.R.D. 259, 276 (S.D.N.Y. 2003); *Unique Concepts, Inc. v. Brown*, 115 F.R.D. 292, 293 (S.D.N.Y. 1987). Courts have interpreted section 1927 as requiring a "clear showing of bad faith on the part of the attorney," *see Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (citation omitted); *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 180 (2d Cir. 2004); *Phillips v. Mfrs. Hanover Trust Co.*, No. 92 Civ. 8527, 1994 U.S. Dist LEXIS 3748, at *3-4 (S.D.N.Y. Mar. 29, 1994) (applying section 1927 in context of a

deposition), which may occur when an attorney's actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri*, 803 F.2d at 1273 (citation omitted); *see also Phillips*, 1994 U.S. Dist LEXIS 3748, at *4; *Unique Concepts*, 115 F.R.D. at 293.

Although the filing of multiple complaints was undeniably frustrating for defendants, violated the court's orders, caused unnecessary delays in reaching the merits and needlessly multiplied proceedings, resulting in the significant and needless expenditure of the defendants' and the court's resources, it is not clear that plaintiff's counsel is solely responsible for filing the instant complaint, or that the complaint is so lacking in merit to require a conclusion that counsel, as opposed to plaintiff, filed the 06-cv-3529 complaint in bad faith. Plaintiff's counsel's contention that he filed this action in violation of the court's order to guard against a statute of limitations defense, while questionable in light of Judge Gleeson's representation that "he would take into account" plaintiff's concerns regarding such a defense, does not rise to the level of bad faith by counsel necessary to warrant the imposition of sanctions on counsel personally (doc. no. 191 in 00-cv-2007, Letter filed by plaintiff, dated 7/13/07, at 2). *See State Street Bank*, 374 F.3d at 180 ("Although certain actions taken by defendants' counsel approach the borders of this standard, particularly with respect to his arguments on appeal . . . , we are ultimately unpersuaded that he articulated various arguments . . . in bad faith."); *cf. Pentagen Technologies Intern. Ltd. v. United States*, 172 F. Supp. 2d 464, 474 (S.D.N.Y. 2001) ("[T]he Court imposes sanctions against plaintiffs' counsel under section 1927 to stem counsel's consistent pattern of harassment."). Moreover, plaintiff's counsel has been suspended for reasons unrelated to this action.

Accordingly, the court respectfully recommends that defendants' request for sanctions against plaintiff's counsel, pursuant to 28 U.S.C. § 1927, be denied.

### III.  Application of Res Judicata to 07-cv-2474

Defendants have not filed answers asserting any affirmative defenses in the 07-cv-2474 action, due to the court-ordered stay pending disposition of the parties' cross-motions in the instant action, 06-cv-3529.  (Order dated 7/30/07 in 07-cv-2474.)  Even when a party has failed to assert an affirmative defense pursuant to Rule 8(c), such as a *res judicata* defense, a court may nonetheless consider such an affirmative defense *sua sponte.  See Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming the district court's decision to "*sua sponte* raise the collateral estoppel argument [even though] it is an affirmative defense under Rule 8(c) that must be pleaded and proved"); *see also Barth v. Kaye*, 178 F.R.D. 371, 379 (N.D.N.Y. 1998) (citing *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993); *Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir. 1987) and *Carbonell v. Louisiana Dep't of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir. 1985) (affirming district court's *sua sponte* dismissal on res judicata grounds)).  In order to dismiss an action *sua sponte* based upon a *res judicata* defense, the court must grant "the plaintiff an opportunity to be heard." *Barth*, 178 F.R.D. at 379; *see also Atronic Int'l, GMBH v. SAI Semispecialists of Am., Inc.*, No. 03-CV-4892, 2007 WL 2493482, at *3 (E.D.N.Y. Aug. 29, 2007) (holding, on a motion for reconsideration, that the court did not err in *sua sponte* raising the affirmative defense of the statute of frauds).

There are three general requirements for a *res judicata* defense: (1) the prior decision must constitute a final judgment on the merits; (2) the parties to both suits must be sufficiently identical; and (3) the issues raised must be sufficiently identical. *See Ruiz v. Comm'r*

*of the Dept. of Transp. of the City of New York*, 858 F.2d 898, 902 (2d Cir. 1998). "A dismissal

by the Court sua sponte under Rule 41(b) for failure to prosecute operates as an adjudication on

the merits and such a dismissal is with prejudice." *Charles v. City of New York*, No. 99 Civ.

3786, 2007 WL 2728407, at *7 (S.D.N.Y. Sept. 17, 2007); *see West v. Gilbert*, 361 F.2d 314, 316

(2d Cir. 1966); *Carryl v. Columbia Univ. College of Physicians*, No. 04 Civ. 2374, 2005 WL

578941, at *2 (S.D.N.Y. Mar. 9, 2005). "In such a situation, res judicata would preclude a

subsequent action on the same claim." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 896 (2d Cir.

1983); *Elfenbein v. Gulf & Western Industries, Inc.*, 590 F.2d 445, 449 (2d Cir. 1978); *La Societe

Anonyme des Parfums Le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1275 (2d Cir. 1974);

*Charles*, 2007 WL 2728407, at *7 ("[a] dismissal under Rule 41(b), unless it is expressly stated to

be without prejudice, will generally bar a subsequent action on the claim under principles of *res

judicata*.").

   As plaintiff admits and this court's review confirms, except for four minor

differences arising from plaintiff's initial filing of the complaint in the Southern District of New

York, 07-cv-2474 is "virtually identical, word-for-word and paragraph-by-paragraph, to the

complaint filed . . . in the 06-CV-3529 action." (Doc. no. 43 in 07-cv-2474, Letter filed by

plaintiff, dated 6/27/07, at 1.) Because this court has respectfully recommended that 06-cv-3529

be dismissed with prejudice pursuant to Rule 41(b), which "operates as an adjudication on the

merits," Fed. R. Civ. P. 41(b), the court hereby vacates the order staying 07-cv-2474 and

respectfully recommends that plaintiff be ordered to show cause, by October 26, 2007, why 07-

cv-2474 should not be dismissed as to all defendants on *res judicata* grounds. *See Barth*, 178

F.R.D. at 379 (ordering plaintiff to show cause why complaint should not be dismissed on *res

*judicata* grounds).

<u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that the 06-cv-3529 action be dismissed with prejudice as to all defendants due to plaintiff's failure to comply with court orders, pursuant to Rule 41(b). The court further recommends that Teleplex, Telebeam, Coastal and the City defendants be awarded attorneys' fees and costs incurred in defending 03-cv-3555, pursuant to Rule 41(d), and that the defendants' request for attorneys' fees and costs incurred in defending 06-cv-3529 be denied. In addition, the court vacates the stay in 07-cv-2474 and respectfully recommends that plaintiff be ordered to show cause (and serve and file its papers), by October 26, 2007, why 07-cv-2474 should not also be dismissed as to all defendants on *res judicata* grounds. Any responding papers by defendants shall be served and filed by November 2, 2007.

Any objections to this order should be filed with Judge Gleeson. Failure to object within ten (10) days of the date of entry of this order will preclude appellate review by the District Court. Local Civil Rule 6.3; *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also* Fed. R. Civ. P. 72(a). Any requests for extensions of time to file objections should be made to Judge Gleeson.

**SO ORDERED.**

Dated: October 5, 2007
        Brooklyn, New York

_____/s/_____
**KIYO A. MATSUMOTO**
United States Magistrate Judge

35